IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20–cv–01823–RM–KMT

SHANNON WILLIAMS,

      Plaintiff,

v.

OFFICER TORREZ,

      Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Defendant's "Motion for Summary Judgment" (Doc. No. 38 [Mot.], filed December 22, 2020). Plaintiff responded, and Defendant replied. (Doc. No. 51 [Resp.], filed March 16, 2021; Doc. No. 59 [Reply], filed April 13, 2021.)

## SUMMARY OF CASE

Plaintiff, proceeding *pro se*, filed his Supplemental Prisoner Complaint on August 3, 2020. (Doc. No. 7 [Compl.].) Senior District Court Judge Lewis T. Babcock dismissed the case in part, pursuant to 28 U.S.C. § 1915A(a), on August 26, 2020. (Doc. No. 14, Order to Dismiss in Part and to Draw Case [Judge Babcock's Order].) Plaintiff's Eighth Amendment claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), asserted against Defendant Torrez in his individual capacity remains. (*Id.*)

Plaintiff alleges in the Supplemental Prisoner Complaint that on August 24, 2019, Defendant Torrez yelled at Plaintiff, "You're a snitch." (Compl. at 4.) Plaintiff alleges the other inmates on the tier heard Defendant Torrez. (*Id.*) Plaintiff alleges being labeled a snitch has placed Plaintiff in danger, and Plaintiff has gotten into a fight over being labeled a snitch. (*Id.*)

## STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209–10 (10th Cir. 2010). The

factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. The following axioms have a bearing on summary judgment disposition—*i.e.*, (1) that "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986); (2) "the defendant should seldom if ever be granted summary judgment where his state of mind is at issue and the jury might disbelieve him or his witnesses as to this issue" *id.* at 256; and (3) "the plaintiff, to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor." *Id.* at 257.

Moreover, because Plaintiff is proceeding *pro se*, the court, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

## ANALYSIS

Defendant argues he is entitled to summary judgment on Plaintiff's claims because Plaintiff did not exhaust all mandatory administrative remedies as to his *Bivens* claim.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the PLRA directs that "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The PLRA's exhaustion requirement "suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.' That mandatory language means a court may not excuse a failure to exhaust, even to take 'special circumstances' into account. *Ross v. Blake*, 578 U.S. 1174, 1856 (2016). The defendant bears the burden to prove the affirmative defense of failure to exhaust administrative remedies. *See Jones*, 549 U.S. at 212. The exhaustion requirement applies to all suits regarding prison life, whether they challenge general circumstances or particular episodes, including any claims for monetary damages. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Requiring proper exhaustion "provides prisons with a fair opportunity to correct their own errors." *Woodford v. Ngo*, 548 U.S. 81, 93–94 (2006). Exhaustion "affor[ds] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.*; *see also Kikumura v. Osagie*, 461 F.3d 1269, 1283 (10th Cir. 2006) (The grievance complaining of the alleged wrong must provide prison officials with "a fair opportunity to consider the grievance" and also must enable prison officials to "tak[e] appropriate measures to resolve the complaint internally.").

4

An inmate must present his grievance by means of the Bureau of Prison's ("BOP") four-step administrative remedy program. 28 C.F.R. §§ 542.10–542.19. (Doc. No. 39–1, Decl. of Paula Trujillo, ¶ 4.) In Step 1, the inmate must attempt informal resolution of his complaint with the appropriate BOP staff member by filing an Informal Resolution Form ("BP-8"). 28 C.F.R. § 542.13. If no resolution is achieved, the inmate must file at the institution level an Administrative Remedy Request ("BP-9") within 20 calendar days of the event giving rise to the grievance. *Id.* § 542.14. If the inmate is not satisfied with the outcome at Step 2, he must file an appeal ("BP-10") to the Regional Director within 20 days. *Id.* § 542.15(a). If the inmate's Step 3 appeal is unsuccessful, he must file an appeal ("BP-11") to the General Counsel in the BOP's Central Office within 30 days. *Id.* § 542.15(a). The General Counsel has 40 days to respond to the BP-11 appeal and may extend the response time by 20 days. *Id.* § 542.18.

Importantly, an inmate must complete the mandatory exhaustion process before filing his claim in court. *Jones*, 549 U.S. at 202; *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002); *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012) ("Since the PLRA makes exhaustion a precondition to filing a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency."); *see also Snyder v. Harris*, 406 F. App'x 313, 317 (10th Cir. 2011) ("An inmate is not permitted to complete the administrative exhaustion process after he files suit."). An "inmate who begins the grievance process but does not complete it is barred from pursuing a . . . claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1033.

Here, Plaintiff failed to properly exhaust his administrative remedies because he did not file his BP-9 request for administrative remedy within 20 days of the alleged incident, as

required by 28 C.F.R. § 542.14.  Paula Trujillo, a Paralegal Specialist at the Federal Correctional Complex, avers that the alleged incident occurred on August 25, 2019.  (Doc. No. 39–1, Decl. of Paula Trujillo, ¶ 4.)  Any BP-9 related to this incident was due within 20 days, on September 14, 2019.  (*Id.*, ¶ 5.)  Plaintiff did not file his BP-9, however, until September 27, 2019, thirteen days late.  (*Id.*, ¶ 6.)  This request was rejected as untimely (*id.*, ¶ 7), and while Plaintiff appealed this rejection to both the regional and national levels, the rejection was affirmed at both levels (*id.*, ¶ 8).  None of Plaintiff's other administrative remedy filings relate to the alleged August 25, 2019, incident.  (*Id.*, ¶ 10.)  Because he did not meet the 20-day deadline for filing his initial BP-9, Plaintiff failed to properly exhaust his administrative remedies.  (*Id.*, ¶ 11; 28 C.F.R. § 542.14.)

In his response, Plaintiff does not dispute that, to properly exhaust his administrative remedies, his BP-9 form had to be received by the warden's office within 20 days of the incident of which he complains.  Nor does Plaintiff dispute that his BP-9 was not received within 20 days.  Rather, Plaintiff asserts that he was given a memorandum by his correctional counselor excusing the lateness of his BP-9 administrative remedy form, and that his failure to file his BP-9 within 20 days of the incident at issue should thus be excused.  (Resp.)

However, the memorandum on which Plaintiff relies states that it applies to a "UDC [Unit Discipline Committee] Appeal"—an appeal of a prison discipline sanction—rather than a BP-9 administrative remedy such as that at issue here.  (Resp. at Doc. No. 59–4, Supplemental Decl. of Paula Trujillo; ¶¶ 3, 4, 9; Doc. No. 59–5 at 31.)  Moreover, Counselor Wyche, the correctional counselor who authored the memorandum, avers that, under the circumstances of this case, he would not have issued a late memo because the lateness of Plaintiff's BP-9 was attributable to Plaintiff, not to the BOP.  (Doc. No. 59–1, Decl. of Mark Wyche, ¶¶ 6–8; Doc.

6

No. 59–3 at 3.)  Finally, there is no evidence in the SENTRY system that Plaintiff re-submitted his BP-9 with the Late Memo after it was initially denied as untimely.  (Doc. No. 59–4, ¶ 4.)

It is undisputed that Plaintiff started, but did not finish, the administrative remedy process.  Thus, his Eighth Amendment *Bivens* claims against Defendant Torrez is unexhausted.  Accordingly, he is barred from pursuing the claim in court.  *Jernigan*, 304 F.3d at 1033 (holding an "inmate who begins the grievance process but does not complete it is barred from pursuing a . . . claim under the PLRA for failure to exhaust his administrative remedies").

Defendant Torrez should be granted summary judgment on Plaintiff's claim.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that

**1.**   The "Motion for Summary Judgment" (Doc. No. 38) be **GRANTED**; and

**2.**   The "Motion to Dismiss" (Doc. No. 36) be **DENIED** as moot.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for de novo review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar de novo review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation de novo despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).

Dated this 30th day of August, 2021.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge